IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03201-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

ZCHECIRE DONAYRE,

    Defendant.

---

# ORDER
---

**Entered by Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the Defendant's Motion to Depose Plaintiff Who is Confined in Prison, ECF No. 34, which requests leave to depose the plaintiff pursuant to Fed. R. Civ. P. 30(a)(2)(B).

    Rule 30 requires that a party seeking to take a deposition obtain leave of the Court if, as here, the requested "deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Under Rule 30, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id*. This means that the Court must determine whether (1) the requested discovery is relevant and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), and (2) the frequency and extent of the requested discovery is reasonable, or whether it is unreasonably cumulative or duplicative, could be obtained from some other source that is more convenient, less burdensome, or less expensive, or the requested discovery is outside the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2). "Stated another way, the language of Rule 30(a)(2) requires the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information."

*Montoya v. Colo. Dep't of Corrs.*, No. 20-cv-03345-RMR-NYW, 2022 WL 2467587, at *2 (D. Colo. July 6, 2022) (quotation marks omitted).

A deposition of the plaintiff is in accordance with Rule 26. The plaintiff initiated this case and is a key witness to the allegations. As a result, his testimony is relevant. Further, the plaintiff is the only source of information regarding his perspective of what happened to him with regard to the allegations he brings against the defendant. As a result, to the extent a new order is necessary for this purpose, *see* ECF No. 26 at 1, the Court must grant leave to take the plaintiff's deposition.

The defendant also asks the Court to "consolidate" this case with two other cases brought by the plaintiff against other defendants: 24-cv-02201-GPG-CYC and 24-cv-02685-GPG-CYC. ECF No. 34 at 2–3. These cases are not consolidated for any purpose and the common denominator is that the plaintiff brings each case against a correctional officer, each of whom are represented by the same law firm. While it is sensible to attempt to coordinate scheduling the depositions of the plaintiff in each case in a manner that conserves resources, that does not lead to the conclusion that the cases should be consolidated for any purpose or that the plaintiff should be deposed in a manner in which he sits for one deposition that covers the issues raised in three separate cases.

For these reasons, it is hereby ORDERED that the Defendant's Motion to Depose Plaintiff Who is Confined in Prison, ECF No. 34, is **GRANTED in part** and **DENIED in part**.

It is further ORDERED that, as a part of discovery in this case, the defendant may depose the plaintiff for **one day, not to exceed seven hours**. Fed. R. Civ. P. 30(d)(1). The plaintiff's deposition shall occur on or before the discovery deadline of **October 17, 2025**. ECF No. 26 at 1.

The defendant is hereby **ADVISED** that it is her duty to coordinate with the plaintiff's facility to obtain a mutually agreeable time and date for the plaintiff's deposition, as well as to ensure that all necessary accommodations are in place to allow the plaintiff to meaningfully participate in the deposition.

Entered this 19th day of August, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge