IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03201-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

ZCHECIRE DONAYRE,

    Defendant.

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on January 7, 2026.**

    This matter is before the Court on the document titled "Plaintiff [sic] Motion to Deny Defendant Motion for Summary Judgment with Overwhelming Evidence, Under the 1st Amendment." ECF No. 55. The Clerk of the Court docketed ECF No. 55 as a motion filed by the plaintiff. However, it appears to be the plaintiff's response, ECF No. 55 at 1–2, to the Defendant's Motion for Summary Judgment that attaches exhibits. *Id.* at 3–16. For example, ECF No. 55 includes a section titled "undisputed material facts," *id.* at 2, which appears to be responsive to the defendant's statement of undisputed material facts included in the motion for summary judgment. ECF No. 51 at 2–3. In addition, the document concludes by asking the Court to deny the motion for summary judgment. ECF No. 55 at 2.

    Accordingly, it is hereby ORDERED that the Clerk of the Court shall correct the docket to reflect that ECF No. 55 at 1–2 is the plaintiff's response to ECF No. 51 and the remainder of the pages of ECF No. 55 are exhibits attached to the response.

    There is another matter to address. The plaintiff's response does not comply with Federal Rule of Civil Procedure 56 or Judge Gallagher's Practice Standards. When responding to a Rule 56 motion, the responding party must respond to each numbered undisputed material fact offered by the moving party by identifying that numbered fact and offering a response with citation to evidence. Fed. R. Civ. P. 56(c); GPG Civ. Practice Standard 7.1D(b)(4) ("Any party opposing the motion for summary judgment shall, in a section of the brief styled 'Response to Statement of Undisputed Material Facts,' admit or deny the movant's asserted material facts. The admission or denial shall be made in separate correspondingly numbered paragraphs. Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial."). The plaintiff's response offers a lengthy paragraph that incorporates legal argument and attacks on the proffered undisputed material facts without clearly responding to each fact. ECF No. 55 at 2. That will not do.

The plaintiff proceeds pro se, but that does not excuse him from complying with the rules and Practice Standards that govern proceedings in this Court. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotation marks omitted)). While the Court liberally construes the plaintiff's pleadings and holds him "to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). This includes motions filed under Rule 56. *Barnes v. Omnicell*, No. 23-1336, 2024 WL 2744761, at *3 (10th Cir. May 28, 2024) (unpublished) ("[W]hen a 'party fails to cite to the particular parts of the record that support a particular argument, the district court is under no obligation to parse through the record to find the uncited materials.'") quoting *Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020))). When "a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," Federal Rule of Civil Procedure 56(e)(1) allows the Court to give that party "an opportunity to properly . . . address the fact." The Court will do so here.

Accordingly, it is further ORDERED that, **on or before January 28, 2026**, the plaintiff may file an amended response that complies with all applicable rules and Practice Standards. If the plaintiff chooses not to file an amended response, the Court may "consider the [defendant's] fact[s] undisputed for purposes of" deciding the motion. Fed. R. Civ. P. 56(e)(2).

It is further ORDERED that the defendant's deadline to file a reply in further support of the motion for summary judgment, ECF No. 51, is extended as follows: (1) if the plaintiff files an amended response, the defendant shall file a reply in compliance with D.C.COLO.LCivR 7.1(d), or (2) if the plaintiff does not file an amended response, the defendant shall file a reply **on or before February 13, 2026**.